# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv394

| | |
|---|---|
| ERIC MONTEITH,  )  )  )  Plaintiff,  )  )  v.  )  )  REBECCA SHAIA, et al.,  )  )  Defendants.  )  _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court are the Motions to Dismiss [# 5, # 13, # 16, # 22, # 24]. Plaintiff, who is proceeding *pro se*, brought this action against a number of Defendants asserting claims of trespass and trespass on the case. All of the claims arise out of the foreclosure of real property and the subsequent actions of Defendants. Defendants now move to dismiss the claims asserted in the Complaint. The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 5,  # 13,  # 16, # 22, # 24].

## I.    Background

Plaintiff is a resident of North Carolina. (Pl.'s Compl. p. 1, ECF No. 1.) No. 59.) In 2007, Plaintiff executed a Deed of Trust to purchase property located at 162 Banner Farm Road in North Carolina. (Ex. C to Pl.'s Compl., ECF No. 1-3.)

The Deed of Trust was recorded in the Henderson County Register of Deeds on August 1, 2007. (Id.) Plaintiff also executed a Promissory Note in the amount of $95,000.00. (Id.) Defendant SunTrust Mortgage, Inc. ("SunTrust") was the lender. (Id.)

Defendant SunTrust subsequently substituted Defendant Substitute Trustee Services, Inc. ("Trustee Services") as the trustee for the Deed of Trust. (Ex. F. to Pl.'s Compl., ECF No. 1-6.) Defendant Trustee Services is a North Carolina corporation. (Ex. C to Def. SunTrust's Mot. Dismiss, ECF No. 14-3.) The Appointment of Substitute Trustee was signed by Defendant Rebecca W. Shai as Vice President of Defendant SunTrust and was filed in Henderson County on September 13, 2011. (Id.)

As a result of Plaintiff's default on the loan, the property went into foreclosure. On June 27, 2016, the property sold at a foreclosure sale for $130,233.43 to Wilmington Savings Fund Society, FSB as the Trustee for the Prime Star-H Fund I Trust ("Wilmington Savings Fund"). (Ex. I to Pl.'s Compl., ECF No. 1-9.) The property was then conveyed to Wilmington Savings Fund. (Ex B. Pl.'s Compl., ECF No. 1-2.) Plaintiff received a Notice of Foreclosure regarding the conveyance of the property, which was signed by Defendant Davis Puryear, an attorney with the Hutchens Law Firm. (Id.; Pl.'s Compl. p. 3.)

Plaintiff, however, contends that the foreclosure and subsequent conveyance of the property was invalid and void because the Note was paid in full on October 25, 2007. (Pl.'s Compl. pp. 4, 8.) In addition, Plaintiff contends that Defendant Fannie Mae is liable as a result of its claim of ownership over the Note. (Id. at pp. 11-12.)

After the property sold at the foreclosure sale, Defendant Manny Leon, a manager with Prime Asset Fund, sent Plaintiff a letter informing him that ownership of the property had changed. (Ex. G to Pl.'s Compl., ECF No. 1-7; Pl.'s Compl. p. 12.) The letter requested that Plaintiff contact Defendant Leon in order to avoid the eviction process. (Ex. G. to Pl.'s Compl.) Approximately ten days later, Defendant Joe Kaplan, a realtor in Hendersonville, North Carolina, came to the property with a locksmith and unlocked the front door. (Id.; Pl.'s Compl. p. 4.) Defendant Kaplan also changed the locks on the front door. (Pl.'s Compl. p. 4.) Upon returning to the property and seeing Defendant Kaplan and the locksmith, Plaintiff entered the house through the rear door. (Id.) When Plaintiff noticed that his AR-15 assault rifle was missing, he called 911. (Id. at pp. 4-5.) After receiving the 911 call, the Henderson County Sheriff's Office dispatched Defendant Corporal Kenneth Gaddy and another officer to the scene. (Id. at p. 5.) After a lengthy phone call from his patrol car, Corporal Gaddy refused to file a

police report for the theft of the assault rifle, telling Plaintiff that the issue was a civil matter. Plaintiff contends that Corporal Gaddy's actions constitute criminal conduct pursuant to 18 U.S.C. § 4. (Id.)

Approximately two weeks later, Plaintiff observed two large dumpsters located in the property's driveway. (Id.) The dumpsters had the logo for Defendant Consolidated Waste Services. (Id.) When Plaintiff called Defendant Consolidated Waste Services, a clerk informed him that a subcontractor, Defendant Alpha Dumpsters, was responsible for the dumpsters. (Id.) The clerk also informed Plaintiff that Defendant Anais Atencio ordered the dumpsters. (Id.) Plaintiff observed Defendant Atencio near the dumpsters. (Id.) Plaintiff contends that Defendant Atencio, along with two unnamed men, removed a 1992 Honda Accord, two ladders, a chain come-along, and $1000.00 worth of tools from the property. (Id.)

Plaintiff again contacted the Henderson County Sheriff's Office and spoke to Defendant Corporal Terry Patterson. (Id. at pp. 5-6.) Corporal Patterson refused to take a police report for the allegedly stolen Honda or the assault rifle; he also instructed Plaintiff that the issue was a civil matter. (Id. at p. 6.) Plaintiff contends that Corporal Patterson's actions constitute criminal conduct pursuant to

18 U.S.C. §§ 4, 241, 242.  (Id.)[1]

Subsequently, Plaintiff brought this action asserting a number of claims against Defendants for trespass and trespass on the case.  Defendants then filed five separate Motions to Dismiss.  The District Court referred the Motions to this Court for a Memorandum and Recommendation.  The Court then entered several Orders pursuant to Roseboro v. Garrision, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff to respond to the pending motions.  (Order, Dec. 30, 2016, ECF No. 6; Order, February 14, 2016, ECF No. 19.)  The Court also granted two Motions for Extensions of Time.  (Order, Jan. 5, 2017, ECF No. 9; Order, February 3, 2017, ECF No. 18.)  In response to the Motions to Dismiss and the prior Orders of the Court, Plaintiff also questioned the authority of this Court to issue Orders in this matter and levied various allegations of misconduct against the Court and the Clerk.  In fact, Plaintiff has even accused this Court of committing "an act of treason to overthrow the republican form of government . . . ."  (Pl.'s Writ of Error at p. 8-10, ECF No. 11.)  In addition, Plaintiff accuses the Clerk of "the commission of a crime" by virtue of entering a docket entry on the record in this case.  (Id. at p. 10.)  Plaintiff now having had an opportunity to respond, the Motions to Dismiss are properly before this Court for a Memorandum and

---

1  The Complaint also names the State of North Carolina as a Defendant.

Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255.  The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss.  Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

A motion to dismiss based on Rule 12(b)(1) goes to whether the Court has subject-matter jurisdiction to hear the dispute.  Fed. R. Civ. P. 12(b)(1).  Where a defendant contends that a complaint fails to allege facts upon which the Court can base subject matter jurisdiction, the Court, like ruling on a motion to dismiss pursuant to Rule 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the

Court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the Court's exercise of jurisdiction over the dispute. Kerns v. U.S., 585 F.3d 187, 192-93 (4th Cir. 2009); Adams, 697 F.2d at 1219. Here, the Court has examined only the factual allegations as alleged in the Complaint and the documents Plaintiff incorporated into the Complaint in ruling on Defendants' Rule 12(b)(1) motions. As such, the Court has considered as true the well-pled factual allegations in the Complaint. Consumeraffairs.com, 591 F.3d at 255; Adams, 697 F.2d at 1219.

### III. Analysis

District Courts are courts of limited jurisdiction and possess only the jurisdiction to hear cases as authorizes by the United States Constitution and federal statute. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. Generally, federal jurisdiction is premised on either diversity of citizenship pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2]

In order to assert diversity jurisdiction, diversity of citizenship must be

---

2  There are, of course, several other avenues for establishing federal jurisdiction that are not applicable to this case. See e.g. 28 U.S.C. § 1330 (actions against foreign states); 28 U.S.C. § 1334 (bankruptcy); 28 U.S.C. § 1338 (patents).

complete.  Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014).  Complete diversity requires that each plaintiff be a citizen of a different state than each defendant.  Id.  Plaintiff alleges that he is a citizen of North Carolina.   Because Plaintiff has named the State of North Carolina as a Defendant, complete diversity is lacking in this case.  Moreover, even without North Carolina as a named party, several of the other Defendants are also North Carolina citizens.  Accordingly, the Court cannot exercise diversity jurisdiction over this case.

The Complaint also fails to set forth factual allegations sufficient for this Court to find that the exercise of subject matter jurisdiction is proper.  Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   In determining whether the Complaint raises a federal question, the Court begins by looking at the face of Plaintiff's properly pled Complaint.  Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986);  Verizon Md., Inc. v. Global NAPS, Inc., 377 F.3d 355, 363 (4th Cir. 2004).   As the Supreme Court explained in Merrell Dow:

> This much, however, is clear. The "vast majority" of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a " 'suit arises under the law that creates the cause of action.' " Id., at 8–9, 103 S. Ct., at 2846, quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S. Ct. 585, 586, 60 L.Ed.2d 987 (1916). Thus, the vast majority of cases brought under the

general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action.

478 U.S. at 808, 106 S. Ct. at 3232.

Plaintiff's claims in this case arise under state law, and the conclusory allegations related to Plaintiff's alleged deprivation of liberty and rights of due process of law (Pl.'s Compl. p. 3) are insufficient to create federal question jurisdiction. The bulk of the claims and well-pled factual allegations asserted in the Complaint arise under North Carolina real property law and Defendant's actions in foreclosing on the subject property. Plaintiff alleges that the Note was paid in full in 2007, and, thus, under North Carolina law the subsequent foreclosure and transfer of the property was invalid. These are not claims arising under the Constitution, laws, or treaties of the United States. See generally, Ballentine v. Robinson, Docket No. 3:15-cv-00496-FDW-DSC, 2016 WL 3095224, at *3 (dismissing similar case for lack of federal question jurisdiction).

Similarly, the claims related to the entry onto the property by the various Defendants after the foreclosure and the removal of Plaintiff's property are governed by state law, as Plaintiff alleges in the Complaint. For example, such claims could constitute the torts of trespass and conversion but do not raise a federal question that this Court must resolve. Finally, the Complaint does not assert an action pursuant to 42 U.S.C. § 1983 or any other provision of federal law

against Defendants. And Plaintiff's reference to 18 U.S.C. §§ 4, 241, and 242 does not provide a basis for asserting subject matter jurisdiction. See Jones v. Hill, Civil Action No. 1:14-CV-305-MOC-DCK, 2015 WL 1945689, at *4 (W.D.N.C. Mar. 31, 2015) (Keesler, Mag. J.) ("As this Court noted in dismissing Plaintiff's first action raising these claims, federal courts have held that 18 U.S.C. §§ 241 and 242 do not provide a private right of action."); Robertson v. Foster, 2017 WL 1104664, at *6 (D. Md. Marc. 23, 2017) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes."); Smith v. Shaw, Civil Action No. 5:09-01001, 2012 WL 1832340, at *1 (S.D. W. Va. Apr. 25, 2012) ("The violation of a federal criminal statue does not provide for a private cause of action.").³ Accordingly, the Court **RECOMMENDS** that the District Court dismiss without prejudice this action for lack of jurisdiction.

In addition to recommending the dismissal of this action, the Court is also cognizant of the allegations levied by Plaintiff against both this Court and the Clerk. The Court notes that Plaintiff accused the Clerk of committing a crime by virtue of the Clerk's action in creating docket entries in this case. Upon the Court's review of the record, the Court finds that the Clerk has engaged in no such

---

3 Even assuming that this Court could exercise federal question jurisdiction, the claims would be subject to dismissal pursuant to the Rooker-Feldman doctrine because Plaintiff seeks to overturn the determination of a state court. See Qureshi v. Mortg. Elec. Registration Sys., Inc., Docket No. 3:16-cv-00322-MOC, 2016 WL 4926437, at *2 (W.D.N.C. Sept. 14, 2016) (Cogburn, J.).

criminal activity, and the claims levied against the Clerk by Plaintiff are baseless, frivolous, and of the nature that could warrant future sanctions by this Court if they continue. While this Court is cognizant of the leeway provided to *pro se* litigants, the Court will not tolerate such baseless allegations of criminal conduct made against the Clerk of Court. The Court **INSTRUCTS** Plaintiff that future unsupported allegations may result in the imposition of sanctions against Plaintiff by this Court, including the striking of pleadings from the record. As an aside, this Court also notes that it is not engaged in treason or the overthrow of the Government. Rather, the Court is too busy ruling on motions such as these to organize a coup or engage is such treasonous activity.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 5, # 13, # 16, # 22, # 24] and **DISMISS** the Complaint **without prejudice**.

Signed: May 5, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).